CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 NOV 30   PM 2: 05

DEPUTY CLERK_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BRENT J. TOWNLEY, | § | |
| Institutional ID No. 06159-028, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:12-CV-026-BL |
| ERIC HOLDER, *et al.*, | § | ECF |
| | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Brent J. Townley, proceeding *pro se* and *in forma pauperis*, filed a civil rights action

pursuant to 28 U.S.C. §§ 1331, 2201, 2202 and 42 U.S.C. §§ 1983, 1988 on February 21, 2012.

(Doc. 1). This court treats Townley's complaint as one pursuant to *Bivens v. Six Unknown Named*

*Agents*, 403 U.S. 388 (1971). Townley was confined at all times relevant to the claims in his

complaint at F.C.I. Big Spring in Big Spring, TX.   He currently resides in Evansville, IN.

This matter was transferred to the United States Magistrate Judge on April 10, 2012 (Doc.

27). The court entered an Order to Complete Questionnaire on September 21, 2012 (Doc. 17),

pursuant to 28 U.S.C. § 1915 and *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of

questionnaire to develop the factual basis of a plaintiff's complaint). Townley has completed this

questionnaire (Doc. 18).

Townley refused consent to having the United States Magistrate Judge conduct proceedings

in this case pursuant to 28 U.S.C. § 636(c). Pursuant to 28 U.S.C. § 1915A, the court has conducted

a review of Townley's complaint as supplemented by his response (Doc. 18) to the questionnaire

(Doc. 17) in this case, as well as his various additional written documents and makes the following report and recommendation to the United States District Judge.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, as developed by his response to the court's questionnaire, Townley claims that:

1.   At all times relevant to the claims in his complaint, Townley was confined to the FCI Big Spring facility in Big Spring, Texas.

2.   On August 4, 2010,[1] Townley was working in the kitchen at FCI Big Spring and noticed that some cabbage had been improperly handled. He raised his concerns about the cabbage with the food services foreman, Billy Schubert, but was assured that the cabbage was fine. Having received this assurance, Townley ate some of the cabbage.  That night, he suffered severe gastrointestinal distress.

3.   Townley was treated for his severe gastrointestinal distress by prison medical personnel. He underwent an abdominal X-ray, and was prescribed multiple medications.

4.   Townley alleges that Schubert (possibly with the assistance of Lt. R. Thomas) falsely filed an incident report about Townley shortly after the cabbage incident; Townley's consequent restrictive confinement delayed his filing of grievances about the cabbage.  These grievances were then denied as untimely.

---

[1] The August date accords with Townley's complaint. (Doc. 1). Although Townley says he ate the cabbage on September 5, 2010 in his questionnaire response, (Doc. 18), the September date is inconsistent with the August dates listed in that same questionnaire response for the medical treatment Townley received.  Thus, the court assumes that the August date is correct.

5.     Spoiled milk was served to Big Spring inmates from September 2010 until the end
of February 2011. On at least one occasion, Townley began to drink some of this
milk and then spit it out upon tasting it. He does not report any illness resulting from
the milk. He does say he filed grievances about the milk, but does not indicate their
result in his complaint or in his questionnaire response. In attached exhibits regarding
his grievances, the response given to his claims about the milk indicates that his
concerns had been investigated, and the milk supply had been found to be changed
out on a satisfactorily regular basis according to the First In First Out (FIFO)
principle of inventory management.

6.     The Food Service Administrator, Rene Deleon, did not reply satisfactorily to
Townley's grievance.

7.     Committee Hearing Officer Mark Haley did not provide Townley with grievance
forms when requested to do so.

8.     Institutional Remedy Coordinator Tammie Landis did not reply satisfactorily to
Townley's grievance.

Townley brings a claim under the Eighth Amendment to the Constitution, arguing that his
having been served the cabbage that he alleges made him ill constitutes cruel and unusual
punishment.

Townley also brings a claim regarding the denial of his grievance about the cabbage.
Construing his *pro se* complaint liberally, he appears to argue that Schubert's incident report (and
the consequent delay in Townley's ability to file a grievance about the cabbage), along with prison
officials' other restrictions on how and when he could file his grievances regarding the cabbage, and
ultimate denial of those grievances, were an unconstitutional abridgment of his freedom of speech.

-3-

Townley also appears to claim a conspiracy by Schubert, Deleon, Haley, and Landis to keep him from filing a timely grievance about the cabbage. He further claims a failure by Deleon to protect Townley from improper handling of food by Deleon's subordinate Schubert. He brings a claim against Discipline Hearing Officer D. Carlisle for his handling of the disciplinary hearing that followed Schubert's incident report.

Townley also brings claims against U.S. Attorney General Eric Holder, Federal Bureau of Prisons officials Harley Lappin, Charles E. Samuels, and Thomas Kane, Committee Hearing Officer P. Schumpert, and FCI Big Spring Warden Karen Edenfield, none of whom, from the face of the complaint, are alleged to have had any personal involvement in any acts against Townley.

Townley brings suit against Defendants in both their individual and official capacities; he is seeking compensatory and punitive damages. (Complaint, Doc. 1)

## II. ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions thus apply to this *in forma pauperis* prisoner civil rights action. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious

even before the service of process or before an answer is required to be filed. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson*, 525 F.2d at 892 (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing).

The court has reviewed Townley's arguments and claims in his complaint and in his response to the court's questionnaire to determine whether his claims present grounds for dismissal or present cognizable claims which require the Defendants to answer and the case to proceed.

In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

A.    **Eighth Amendment claim**

It is recognized that "prison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Turner v. Safley*, 482 U.S. 78, 84 (1987). The protections afforded prisoners specifically include the Eighth Amendment's prohibition against cruel and unusual punishment. *See Whitley v. Albers*, 475 U.S. 312, 318, (1986). It is well settled that the Eighth Amendment to the Constitution protects inmates from "conditions so serious as to deprive [them] of the minimal measure of life's necessities." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Punishment rises to the level of cruel and unusual only where it involves an "'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104(1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The question of whether conditions of confinement are cruel and unusual under the Eighth Amendment reflects "evolving standards of decency that mark the progress of a

maturing society." *Talib*, 138 F.3d at 214 (internal citations omitted). "The Constitution 'does not mandate comfortable prisons' . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989) (internal citation omitted). The Eighth Amendment's prohibition against cruel and unusual punishment imposes minimum requirements on prison officials in the treatment received by and facilities available to prisoners. *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). However, the Eighth Amendment does not afford protection against mere discomfort or inconvenience. *Id.*

Like some of the other Eighth Amendment claims, a conditions-of-confinement claim must satisfy tests for both objective and subjective components. *Davis v. Scott,* 157 F.3d 1003, 1006 (5th Cir. 1998) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). To meet the objective component, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.* Under a "totality of conditions test," conditions of confinement must not impose the wanton and unnecessary infliction of pain. *Austin v. Johnson*, 328 F.3d 204, 209 (5th Cir. 2003) (citing *Howard v. King*, 707 F.2d 215, 218 (5th Cir. 1983)). To meet the subjective component, a prison official must have been deliberately indifferent to an inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). In this context, to be deliberately indifferent, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). In other words, the prison official must be subjectively aware of a substantial risk of serious harm to the inmate and fail to protect the inmate from that harm. *Farmer*, 511 U.S. at 839-40. Thus, the "'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)

(quoting *Farmer*, 511 U.S. at 838). A claimant, however, may rely on circumstantial evidence indicating that because the risk was obvious, the official must have known of the risk to the inmate. *See Hope v. Pelzer*, 536 U.S. 730, 738 (2002)

Thus, to "violate the Cruel and Unusual Punishment Clause, a prison official must have a 'sufficiently culpable state of mind.'" *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) (quoting *Farmer*, 511 U.S. at 834). The "applicable *mens rea* of deliberate indifference demands subjective knowledge of a substantial health risk." *Gobert v. Caldwell*, 463 F.3d 339, 348 (5th Cir. 2006). "The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the . . . officials were actually aware of the risk, yet consciously disregarded it." *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious bodily harm and he disregards that risk by failing to take reasonable measures to abate it." *Gobert*, 463 F.3d at 346 (citing *Farmer*, 511 U.S. at 847); *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994)). Prison officials must "know of and disregard [the] excessive risk to inmate health or safety." *Hall*, 190 F.3d at 697 (citations and brackets omitted). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Id.* (quoting *Farmer*, 511 U.S. at 834).

It is clear that the deliberate indifference requirement is more than mere negligence. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). Mere negligence or neglect does not constitute deliberate indifference. *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). "To establish an Eighth Amendment violation of cruel and unusual punishment, a prisoner-plaintiff must show that a state actor acted with deliberate indifference–knowing disregard–to a substantial risk of serious harm to an inmate." *Green v. Atkinson*, 623 F.3d 278, 280-81 (5th Cir.2010) (citing *Farmer*, 511

U.S. at 834-37 (1994)). In that Eighth Amendment context, a "single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected." *Id.* at 281 (citing *Hyder v. Perez*, 1996 WL 255243, at *1 (5th Cir. 1996) (unpublished) (*per curiam*); *George v. King*, 837 F.2d 705, 707 (5th Cir.1988)).

Here, Townley does not claim that he was harmed by the allegedly spoiled milk, but only that a "single incident of food poisoning," *id.*, occurred when he ate improperly handled cabbage. Since such a "single incident . . . does not constitute a violation of the constitutional rights of the prisoner affected," *id.*, Townley's Eighth Amendment claim should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

## B.    Free speech claims arising from grievances

Townley argues that his free speech rights were abridged when a false incident report was filed against him by the food services foreman in order to delay Townley's filing a grievance about the cabbage, and further when that grievance was denied.

Construing his complaint broadly, Townley's allegation of a false incident report having been filed against him may be taken as either an allegation of malicious prosecution or of retaliation. Malicious prosecution no longer provides an independent basis for a § 1983 claim in the Fifth Circuit. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) ("[N]o . . . freestanding constitutional right to be free from malicious prosecution exists."). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Id.*

However, a prisoner's retaliation claims are carefully reviewed. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). To prevail on a retaliation claim, a prisoner must show: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for exercising that

right; (3) a retaliatory or adverse act; and (4) causation. *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "but for the retaliatory motive the complained of incident . . . would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods v. Smith*, 60 F.3d at 1166). "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Id.* at 310 (internal quotation marks omitted). "The inmate must produce direct evidence of motivation, or the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Woods v. Smith*, 60 F.3d at 1166 (internal quotation marks omitted). Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006).

In the context of the disciplinary hearing process for an incident report, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Inmates who are charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Such liberty interests may emanate from either the Due Process Clause itself or from state law. *See Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due

Process Clause. *Id.* at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

Due process requires that the prisoner receive (1) a twenty-four hour advance written notice of the hearing on the claimed violation; (2) an opportunity to be heard, including the ability to call witnesses and present evidence in his defense, when consistent with institutional safety and correctional goals; and (3) a written statement of the fact-finder detailing the evidence relied upon and the reasons for the disciplinary action. *See Wolff*, 418 U.S. at 563-67; *see, e.g.*, *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) (Lack of due process claim fails where claimant does not explain how the alleged claim prejudiced the preparation of his defense.). Due process also requires at a minimum that "some evidence" in the record supports the disciplinary decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Morgan v. Dretke*, 433 F.3d 455, 457 (5th Cir. 2005); *see, e.g.*, *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998) (per curiam) (inmate's civil rights suit alleging that no evidence supports disciplinary action against him properly dismissed as record revealed that "some evidence" supported charge). The "some evidence" standard is extremely deferential. *Morgan*, 433 F.3d at 457. The Fifth Circuit has found that the "some evidence" requirement was met where a correction officer testified and an inmate indicated he had struck another inmate, and was sufficient to support the institution's decision to punish the inmate for fighting. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam).

The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which adversely affects a prisoner. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997); *see also Sandin*, 515 U.S. at 484. Sanctions which may be imposed as a result of disciplinary cases, including various terms of commissary, recreation, and cell restriction, do not implicate concerns that are protected by the Due Process Clause. *See Sandin*, 515 U.S. at 486; *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

Townley's allegations fail to demonstrate that he was deprived of any of the minimum positive procedural rights or any other process which he was due during the disciplinary hearing conducted by Discipline Hearing Officer Carlisle, or at any other time. Townley has not shown more than his "personal belief that he is the victim of retaliation," *Johnson*, 110 F.3d at 310, because his "chronology of events" in which Schubert, the food services foreman, filed a false incident report against him merely to delay the filing of a grievance is not one "from which retaliation may be plausibly inferred." *Woods v. Smith*, 60 F.3d at 1166 (internal quotation marks omitted). Townley's own exhibits contain Schubert's far more plausible explanation of what occurred:

> On 08-05-10 at 1:45pm several inmates began congregating in the kitchen area around inmate Townley 06159-028. Inmate Townley['s] complaining was becoming loud and unruly and was beginning to affect the behavior of the inmates in the kitchen area. To prevent issue from escalating I removed inmate Townley from the kitchen to the dining area.

(Doc. 1, item 14, p. 20, Federal Bureau of Prisons Discipline Hearing Officer Report, p. 2, denominated by Plaintiff as Ex. 16 "K", "FOIA Ex. 24-45.)

> On 08/05/2010 at 1:45pm Inmate Townley was walking around the kitchen complaining that the preparation of the dinner meal was being completely unsanitary. Inmate Townley's constant complaining caused several other inmates to begin congregating. I approached inmate Townley and asked what was his problem why was he continually complaining. He stated [another inmate] was being unsanitary in the preparation of the dinner meal. I told inmate Townley I saw nothing that was unsanitary. He continued to argue so I removed him from the kitchen area and worked him in the dining room.

(Doc. 1, item 14, p. 24, e-mail from Billy Schubert to Rene Deleon dated 8/5/2010 at 4:26pm, denominated by Plaintiff as Ex. 16 "K", "FOIA Ex. 28-45.)

As to the denial of Townley's grievance, the court notes that an inmate has no "federally protected liberty interest in having [his] grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Accordingly, Townley has no cognizable claim with regard to

the handling of the grievance process by Deleon, Haley, Landis, Carlisle, or any other prison personnel.

Because none of Townley's claims arising from grievances state a cognizable claim, those claims should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

## C.    Failure to Protect Claim

Townley alleges that Deleon failed to protect him from the improperly handled cabbage.

"To prevail on a section 1983 failure to protect claim, a prisoner must demonstrate that 'he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.'" *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998)). In other words, the prison official must be subjectively aware of a substantial risk of serious harm to the inmate and fail to protect the inmate from that harm. *Farmer*, 511 U.S. at 839-40. Thus, the "'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino*, 239 F.3d at 756 (quoting *Farmer*, 511 U.S. at 838).

Townley's factual allegations do not demonstrate any substantial risk of serious harm that Deleon was subjectively aware of and failed to protect him from. Insofar as Townley claims that officials failed to protect him by giving him the relief sought in his administrative grievances, the court notes again that he does not have any protected right to have his grievances resolved to his satisfaction. *Geiger*, 404 F.3d at 374.

The court finds that Plaintiff's failure to protect claims lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

### D.  Conspiracy Claim

Townley alleges that the various Defendants, including Schubert, Thomas, Deleon, Haley, and Landis, conspired to keep him from filing a timely grievance about the cabbage.

To prove a conspiracy claim cognizable under § 1983, Plaintiff is required to show that the Defendants had "an agreement to commit an illegal act which resulted in the plaintiff's injury." *Hay v. City of Irving, Tex.*, 893 F.2d 796, 799 (5th Cir. 1990) (citing *Thomas v. City of New Orleans*, 687 F.2d 80, 83 (5th Cir. 1982)). The Fifth Circuit has stated that specific facts must be pled when a conspiracy is alleged. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit a criminal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Conclusory allegations of conspiracy will not support a claim under § 1983. *Wilson v. Budney,* 976 F.2d 958 (5th Cir. 1992). In pleading these specific facts, the Plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). In addition, to recover on a claim of conspiracy, the Fifth Circuit has held that there must be an actual deprivation of a constitutional right; a mere conspiracy to deprive is insufficient. *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984).

Townley relies entirely upon his conclusory allegations to support his claim of conspiracy. His allegations, accepted as true, fail to demonstrate that the named Defendants acted together to deprive him of a constitutional right, that he was deprived of any right, or that the Defendants agreed to commit a criminal act. The allegations fail to demonstrate any agreement involving each of the named Defendants. His conspiracy claims lack an arguable basis in law or fact. The court, therefore, finds that such claims lack an arguable basis in law or fact and should be **DISMISSED WITH**

**PREJUDICE AS FRIVOLOUS** against each of the Defendants against whom these claims are asserted.

E.      **Claims against officials without personal involvement**

In order to state a cause of action under section 1983, a plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d at 583.  Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983).  Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames*, 331 F.3d at 513 n.3 (5th Cir. 2003).  Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.,* 977 F. 2d 924, 929 (5th Cir. 1992).  Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dept. of Crim. Justice, Inst. Div.,* 37 F.2d 1146, 1150 (5th Cir. 1994).

Townley's allegations, accepted as true, fail to demonstrate any personal involvement by U.S. Attorney General Eric Holder, Federal Bureau of Prisons officials Harley Lappin, Charles E. Samuels, and Thomas Kane, Hearing Officer P. Schumpert, and FCI Big Spring Warden Karen Edenfield. To the extent that Townley claims that these Defendants failed to adequately investigate or respond to his complaints about the cabbage and failed to give him the relief requested under the grievance system, the court notes again that Townley has failed to state a cognizable constitutional claim because inmates do not have a federally protected liberty interest in having their complaints resolved to their satisfaction. *Geiger*, 404 F.3d at 373-74 (5th Cir. 2005); *Orellana* 65 F.3d 29, 31-32 (5th Cir. 1995).  Accordingly, his claims lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

**F.     Official Capacity Claims**

As set forth in parts II. A.- II. E. above, the court has recommended that each of Townley's claims contained in those sections be dismissed with prejudice as frivolous, leaving no outstanding claims against Defendants in their individual capacities. Suits against a federal official under *Bivens* may only be asserted in his or her individual capacity. *Bivens*, 510 U.S. at 485. Townley's claims against the Defendants in their official capacities are barred by the doctrine of sovereign immunity. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72, 151 L. Ed. 2d 456, 122 S. Ct. 515 (2001) (wherein the Supreme Court noted that "the purpose of *Bivens* is to deter individual federal officers from committing constitutional violations," not to deter a federal agency or the United States). Therefore, Townley's *Bivens* claims asserted against the Defendants in their official capacities lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### III.    CONCLUSION

Having carefully considered Plaintiff's factual allegations, his testimony, and his claims, the court finds that Plaintiff has failed to state cognizable constitutional claims.

**IT IS, THEREFORE, RECOMMENDED** that the United States district judge dismiss this case with prejudice.

**IT IS ORDERED** that the transfer of this case to the United States magistrate judge is terminated, and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

The clerk shall mail a copy of this order to Plaintiff at his last known address by certified mail, return receipt requested, and to all other counsel of record by first class mail or electronically.

DATED this 30th day of November, 2012.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE