IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BRENT J. TOWNLEY, Institutional ID No. 06159-028, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:12-CV-00026-C |
| ERIC HOLDER, et al., | ) ) ) | |
| Defendants. | ) | ECF |

## ORDER

Plaintiff, Brent J. Townley, acting *pro se* and proceeding *in forma pauperis* under 28 U.S.C. § 1915, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Defendants, Eric Holder, Harley Lappin, Charles E. Samuels, Thomas Kane, Karen Edenfield, Rene DeLeon, Tammie Landis, D. Carlisle, Mark Haley, P. Shumpert, R. Thomas, C.O. Shubert, and the United States of America. Plaintiff alleges that the named Defendants, primarily employees of the United States Bureau of Prisons, were deliberately indifferent to his health and welfare when they allowed him to eat "mishandled" cabbage on August 4, 2010, falsely filed an incident report about Plaintiff regarding the cabbage incident, served "spoiled" milk to inmates at the Federal Correctional Institution at Big Spring, Texas, between September 2010 and February 2011, did not satisfactorily reply to Plaintiff's grievances, and failed to provide him grievance forms when he so requested. He seeks compensatory and punitive damages.

The complaint was transferred to the docket of the United States Magistrate Judge, who ordered Plaintiff to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976). Plaintiff filed his answers on October 5, 2012.

Because Plaintiff did not consent to proceed before the United States Magistrate Judge, pursuant to this Court's Order dated April 10, 2012, the Magistrate Judge entered a Report and Recommendation and transferred the case back to this Court on November 30, 2012. As of this date, Plaintiff has failed to file a reply or objections to the Report and Recommendation.

This Court has made an independent examination of the record in this case and finds that the Magistrate Judge's findings and conclusions should be ADOPTED and Plaintiff's complaint should be dismissed with prejudice.

It is, therefore, **ORDERED**:

(1) The instant civil rights complaint and all claims alleged therein are DISMISSED with prejudice as frivolous.

(2) Any pending motions are DENIED.

(3) The dismissal of Plaintiff's complaint does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner **shall be required to pay the full amount of a filing fee**.") (emphasis added); *Hatchet v. Nettles,* 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.").

(4) Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $455.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Judgment shall be entered accordingly.

Dated February 4, 2013.

SAM R. CUMMINGS
United States District Judge

2